# WARREN & BURSTEIN
## ATTORNEYS AT LAW

The Koll Center
501 West Broadway
Suite 240
San Diego, CA 92101

warrenburstein.com

Devin Burstein
Partner

(619) 234-4433

db@wabulaw.com

October 23, 2020

Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: Response to Rule 28(j) letter
*United States v. Wilson*, Case No. 18-50440
Argued: November 15, 2019 in Pasadena
Panel: Hon. Berzon, Hon. Watford, Hon. Whaley

Dear Ms. Dwyer:

I write in response to the government's Rule-28(j) letter. Although the federal and state prosecutions began with the same search, each court held an independent evidentiary hearing with different counsel on independent suppression claims. During the federal hearing, *only* Agent Thompson testified. ER:144-163. However, at the state hearing, in addition to Agent Thompson, "[a] computer forensic agent working for the Department of Homeland Security testified about the hashing process." *People v. Wilson*, Slip. Op. at 10.

That evidence is not in this record, which is plainly relevant to the reliability of an unknown Google employee's (or contractor's) initial review and hashing of computer files belonging to an unknown person (not Mr. Wilson), at some unknown time in the past. As Judge Watford stated during oral argument: "[E]ven for me, I look at this [evidentiary record], I would need far more explanation of how reliable the hash matching technology is before I could validate this search." Argument at 35:26—35:37.

1

More fundamentally, the state court's analysis is misguided. It gives short shrift to the fact that almost nothing was known about the initial review by the unknown Google employee/contractor. Moreover, it finds *Jacobsen* controlling. But as Mr. Wilson explained in his briefing, *Walter* is far more analogous. Nor does the state court take into consideration the fact that, as Judge Berzon's "Make America Great Again vs. Peace Now" example illustrates, opening the files can reveal a great deal more information than a hash match. Argument at 33:51—33:54.

The state court's response to Mr. Wilson's property-based (trespass) claim is also deeply flawed. It fails even to cite *Ex parte Jackson*. Instead, the court says, "it was a private party . . . who searched and seized Wilson's property." *Slip. Op.* at 29. This is clearly erroneous. It is undisputed that no one opened Mr. Wilson's files – those in *his* email – before Agent Thompson. And to the extent the state court suggests the private search doctrine controls the trespass claim, that too is wrong as a matter of law. Accordingly, this Court should decline to follow the California court's decision.

Respectfully submitted,

*s/ Devin Burstein*
Devin J. Burstein

STATEMENT OF COMPLIANCE

In accordance with Ninth Circuit Rule 28-6, the body of the above letter filed pursuant to FRAP 28(j) is 348 words.

> Respectfully submitted,
>
> *s/ Devin Burstein*
> Devin J. Burstein
> WARREN & BURSTEIN